UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tara Wendt,

        Plaintiff,

                              Civ. No. 13-1308 (RHK/TNL)
                              **ORDER**

v.

Charter Communications, LLC,

        Defendant.

---

In May 2013, Plaintiff Tara Wendt commenced this action against her employer, Defendant Charter Communications, LLC ("Charter"), alleging that she has been sexually harassed and retaliated against by her supervisor, Steven Casey. She further alleges that Casey committed assault and battery by unlawfully touching her, torts for which Charter is (allegedly) liable under the doctrine of respondeat superior. Charter now moves to dismiss the assault and battery claim (Count V). For the reasons that follow, its Motion will be denied.[1]

Charter argues that Wendt has failed to state a "plausible" claim under the Supreme Court's two recent decisions regarding federal pleading, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). It notes that under Minnesota law, respondeat superior liability requires showing that an employee's tortious conduct was "foreseeable" to the employer. And here, Charter contends that

---

[1] Having concluded that oral argument would not materially assist the Court's resolution of Charter's Motion, the September 17 hearing on the Motion is **CANCELED**.

Wendt has not alleged facts plausibly suggesting the foreseeability of Casey's sexual assault.

But Charter's Motion puts the proverbial cart before the horse. The foreseeability of an employee's conduct, for purposes of respondeat superior, turns on whether the conduct is "so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." Hagen v. Burmeister & Assocs., Inc., 633 N.W.2d 497, 505 (Minn. 2001) (citation omitted). This presents "a *question of fact* to be analyzed *based on the evidence presented* in the particular case." Frieler v. Carlson Mktg. Grp., Inc., 751 N.W.2d 558, 583-84 (Minn. 2008) (emphases added); accord, e.g., Hagen, 633 N.W.2d at 505 ("Whether an employee's acts were foreseeable within the context of respondeat superior is a question of fact."). Indeed, foreseeability generally is proven with evidence that "the type of tortious conduct involved is a well-known industry hazard," Hagen, 633 N.W.2d at 505, for which "[t]he strongest and most-often-recognized evidence is . . . expert testimony," Frieler, 751 N.W.2d at 583.

Therein lies the rub. Charter has cited no Minnesota case, and the Court has not located one, dismissing a respondeat superior claim on foreseeability grounds at the pleading stage. Nor has Charter cited any cases requiring an employee, at the pleading stage, to allege facts or cite expert evidence indicating that a sexual assault is a "well-known hazard" in his or her chosen industry. Simply put, foreseeability presents an evidentiary burden, not a pleading one. Hence, the issue raised by Charter is simply not amenable to resolution on a motion to dismiss. See, e.g., Hays v. CitiMortgage, Inc., Civ. No. 11-2477, 2012 WL 1319413, at *5 (D. Minn. Mar. 29, 2012) (Report &

Recommendation of Brisbois, M.J.) (recommending denial of motion to dismiss respondeat superior claim because "it is a question of fact whether the employee's acts were foreseeable"), adopted, 2012 WL 1314105 (D. Minn. Apr. 17, 2012) (Tunheim, J.); Rau v. Roberts, Civ. No. 08-2451, 2009 WL 150954, at *3 (D. Minn. Jan. 21, 2009) (Kyle, J.) (denying motion to dismiss respondeat superior claim based on foreseeability); Willis v. Centennial & Mortgage Funding, Inc., Civ. No. 03-3641, 2004 WL 229076, at *12 (D. Minn. Feb. 2, 2004) (Kyle, J.) (noting that "foreseeability is a question of fact").

Based on the foregoing, an all the files, records, and proceedings herein, **IT IS ORDERED** that Charter's Motion to Dismiss (Doc. No. 7) is **DENIED**.

Dated: September 4, 2013                             s/Richard H. Kyle
                                                                  RICHARD H. KYLE
                                                                  United States District Judge